IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Barix Clinics of Ohio, Inc.,

    Plaintiff,

  v.                                Case No. 2:04-cv-1229

The Longaberger Family of
Companies Group Medical
Plan, et al.,

    Defendants.

OPINION AND ORDER

This is an action filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a)(1)(B) and 1132(c)(1)(B). Plaintiff Barix Clinics of Ohio, Inc., is a healthcare provider of bariatric surgery services, specializing in gastric by-pass surgery for morbidly obese patients. The defendants are the Longaberger Family of Companies Group Medical Plan ("the Plan") and the Longaberger Company ("Longaberger"). Plaintiff alleges that Longaberger is the administrator of the Plan. Plaintiff alleges that it has rendered medical services to participants and beneficiaries of the Plan, and that it has obtained an assignment from these patients of any payments due for these services under the terms of the Plan.

In Count 1 of the complaint, plaintiff asserts a claim for benefits under the Plan pursuant to §1132(a)(1)(B). In Count 2 of the complaint, plaintiff alleges that Longaberger failed to furnish plaintiff with a copy of the summary plan description or other plan documents in violation of 29 U.S.C. §1024(b)(4). Plaintiff further alleges that it is therefore entitled to an award of

statutory damages pursuant to 29 U.S.C. §1132(c)(1)(B).

Defendants have filed an answer with counterclaims alleging that the Plan was overbilled by plaintiff for the services rendered. The counterclaims are claims under Ohio law for fraud, violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1354.01, et seq., breach of implied contract, and unjust enrichment.

This matter is before the court on defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted. A complaint may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232 (1974). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978).

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 96th Cir. 1997). The court is not required to accept as true unwarranted legal conclusions or factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10 (6th

2

Cir. 1987).

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999); Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). However, documents submitted with the motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claims. Weiner, 108 F.3d at 89.

Defendants first move to dismiss Count 1 of the complaint on the ground that plaintiff has failed to exhaust administrative remedies under the Plan. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991). The exhaustion requirement enables plan fiduciaries to efficiently manage their funds, correct their errors, interpret plan provisions, and assemble a factual record which will assist the court in reviewing the fiduciaries' actions. Weiner, 108 F.3d at 90. The purposes of the exhaustion requirement include:

(1) To reduce the number of frivolous law suits;
(2) To promote the consistent treatment of claimants;
(3) To provide a non-adversarial method of claims settlement;
(4) To minimize the cost of claims settlement for all concerned;
(5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes;
(6) To enhance the ability of trustees of benefit plans to

3

>     correct their errors, [or convince a disappointed claimant that he is incorrect];
> (7) To enhance the ability of trustees to interpret plan provisions; and
> (8) To help assemble a factual record which will assist a court in reviewing the fiduciaries' actions.

Costantino v. TRW, Inc., 13 F.3d 969, 975 (6th Cir. 1994). The last concern is of particular importance because the court in an ERISA action is limited to a consideration of the evidence which was included in the record before the plan administrator, regardless of whether the de novo or "arbitrary and capricious" standard of review applies. See Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health & Welfare Trust Fund, 203 F.3d 926, 932 (6th Cir. 2000); Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 616 (6th Cir. 1998).

The exhaustion requirement is excused when resort to the administrative procedures is futile or an inadequate remedy. Weiner, 108 F.3d at 90. The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. Coomer v. Bethesda Hospital, Inc., 370 F.3d 499, 505 (6th Cir. 2004). A plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998)(quoting Lindemann v. Mobil Oil Cor., 79 F.3d 647, 650 (7th Cir. 1996)).

Plaintiff contends that it has complied with the requirements for notice pleading under Fed.R.Civ.P. 8. However, the relevant authorities indicate that dismissal for failure to exhaust administrative remedies is warranted where plaintiff fails to

4

allege any factual basis for the claim of futility. See Coomer, 370 F.3d at 505 ("Plaintiffs have not alleged any factual basis for their claim of futility other than the denial of benefits to Coomer."); Weiner, 108 F.3d at 91 (affirming dismissal under Rule 12(b)(6), stating, "Although [plaintiff] contends that such exhaustion would be futile, he has not alleged any factual basis for this claim.") See also Borman v. Great Atlantic & Pacific Tea Co., 64 Fed.Appx. 524, 2003 WL 21212540 (6th Cir. 2003)(failure to allege facts supporting futility warranted dismissal of complaint); Zhou v. Guardian Life Ins. Co. of America, 295 F.3d 677, 680 (7th Cir. 2002)(affirming dismissal where plaintiff proffered only "bald allegations and conclusory statements" in support of futility argument; "When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply."); Byrd v. MacPapers, Inc., 961 F.2d 157, 160-61 (11th Cir. 1992)(dismissal for failure to exhaust administrative remedies upheld where plaintiff failed to allege whether she pursued any available relief under claims procedures).

Plaintiff argues that exhaustion should be excused under the provisions of 29 C.F.R. §2560.503-1(l). That regulation provides:

> (l) <u>Failure to establish and follow reasonable claims procedures.</u> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

For purposes of this regulation, claimants are participants and beneficiaries. 29 C.F.R. §2560.503-1(a).

5

Even assuming that plaintiff is a beneficiary by reason of the assignments from its patients, the complaint fails to adequately plead that the Plan failed to establish or follow the required claims procedures. Plaintiff claims that it did not receive adequate notice of the reasons for the denial of the claims for benefits. However, plaintiff has not attached a copy of the Plan to its complaint. There are no facts alleged which are sufficient to demonstrate that the Plan procedures do not comply with the requirements of ERISA, or that the plan requirements were not followed in this case. Plaintiff does not allege that the patients who were plan participants and beneficiaries never received adequate notice.

In addition, plaintiff has not alleged that it advised the Plan of plaintiff's status as an assignee. An assignee who has not given proper notice of its status to the plan administrator is not entitled to notice of a denial. <u>Principal Mutual Life Ins. Co. v. Charter Barclay Hosp., Inc.</u>, 81 F.3d 53, 56 (7th Cir. 1996). The conclusory allegations in the complaint are insufficient to state how the failure to notify plaintiff of the denial of benefit claims would constitute a violation of any plan terms. The information pleaded in the complaint is insufficient to trigger the exception in the regulation.

The case of <u>White v. Jacobs Engineering Group Long Term Disability Benefit Plan</u>, 896 F.2d 344, 352 (9th Cir. 1989), cited by plaintiff, does not indicate a contrary result. In that case, the court held that the giving of inadequate notice did not trigger the time bar to appeal found in the terms of that plan, and the court required plaintiff to exhaust administrative remedies.

Plaintiff has alleged in paragraph 24 of the complaint that "the Plan has denied meaningful access to administrative remedies and/or exhaustion of those remedies is futile[.]" Plaintiff has pleaded no facts detailing any efforts it made to utilize the Plan's appeals procedure or to obtain information from its patients concerning appellate rights. The complaint does indicate that plaintiff knew how to contact the Plan's third party administrator, identified in paragraph 13 as Health Design Plus, Inc. Plaintiff alleges in paragraph 15 of the complaint that plaintiff contacted the third party administrator for an acknowledgment of the nature and extent of coverage under the Plan. Therefore, plaintiff was aware of at least one potential source of information concerning procedures for contesting the denial of claims. Plaintiff's conclusory allegation of futility is insufficient to excuse the failure to exhaust administrative remedies in this case.

Count 1 of the complaint must be dismissed for failure to exhaust administrative remedies.

Defendant also moves to dismiss Count 2 of the complaint, which alleges a violation of 29 U.S.C. §1024(b)(4). That section provides that the administrator shall, "upon written request of any participant or beneficiary," furnish a copy of the summary plan description and other plan documents under which the plan is established or operated. The administrator's failure to comply with such a request renders the administrator liable to such participant or beneficiary in an amount of up to $100 per day, the award being at the discretion of the court. 29 U.S.C. §1132(c)(1)(B).

Defendants argue that plaintiff is not entitled to bring a

claim under this section because plaintiff is not a "participant" or "beneficiary" within the meaning of that provision. Plaintiff argues that it is a "beneficiary," which is defined in 29 U.S.C. §1002(8) as meaning "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Defendants argue in response that this definition requires that the plaintiff be designated by a "participant" as being entitled to a benefit, and that an assignment by a beneficiary of any rights to benefits would not suffice. Defendants also contend that an assignment of the right to benefits under the Plan or to receive any funds for unpaid charges directly from the insurance administrator does not constitute the same thing as an assignment of all ERISA rights and claims held by those participants and beneficiaries.

A health care provider may assert an ERISA claim as a "beneficiary" of an employee benefit plan if it has received a valid assignment of benefits. Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir. 1991)(citing Hermann Hospital v. MEBA Medical & Benefits Plan, 845 F.2d 1286 (5th Cir. 1988)). However, the court in Hermann Hospital, while acknowledging the assignee's standing to sue for the payment of services provided, rejected the argument that the assignee was a "beneficiary" under §1002(8). Hermann Hospital, 959 F.2d at 575. As the court noted:

> We perceive a distinction between the rights of a beneficiary, as referred to in ERISA, to receive covered medical services or reimbursement therefor, and one entitled to receive payment as an assignee of such a beneficiary. Neither Mr. Nicholas' act of authorizing the Plan to make payments directly to Hermann, nor Mrs. Nicholas' assignment of the right to recover payments for benefits provided, elevated Hermann to the status of beneficiary under the Plan.

8

Id. at 576. The import of Hermann Hospital is that, while an assignee provider may have standing under ERISA to sue for the assigned benefits allegedly due under the plan, this does not render the assignee a "beneficiary" for all purposes under ERISA.

Similarly, in Dallas County Hosp. District v. Associates' Health & Welfare Plan, 293 F.3d 282, 289 (5th Cir. 2002), the court recognized the hospital's derivative standing as an assignee, but rejected the argument that the hospital had standing as a designated beneficiary, noting that there "has been absolutely no showing that the Hospital has been designated as such either by Mr. Scott or in the Plan document."

A contrary view was adopted by the court in Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 878 (7th Cir. 2001). There, the court discussed the requirements for a claim under §§1024(b)(4) and 1132(c)(1)(B), noting that only a "participant" or a "beneficiary" is entitled to request plan documents and seek penalties for the failure of their production. The court also noted that a plaintiff proceeding under those sections must have a colorable claim for benefits both on the date that the plan information is requested and on the date that the suit was filed. Id. at 878, n. 10. In that case, the plaintiff, the purchaser of the rights to the participant's life insurance benefits, claimed that it was a "beneficiary" because the plan participant designated plaintiff as the recipient of the life insurance benefits. The court concluded that this was sufficient to constitute a colorable claim for purposes of §1132(c)(1)(B). Id. at 879.

This court agrees with the holding in Hermann Hospital. The mere fact that a participant or beneficiary assigns payment for

9

unpaid charges directly to the provider, as occurred in this case, does not constitute an assignment of every right or cause of action the participant or beneficiary may have under ERISA.  There are no allegations in the complaint that the participants in this case ever assigned any other rights to plaintiff.  However, even assuming that an assignee for benefits may pursue a claim for the violation of §1024(b)(4), the allegations in the instant complaint are insufficient to state a claim under that section.

Under §1024(b)(4), the plan administrator must furnish documents upon written request of a participant or beneficiary. However, the complaint identifies more than one plan administrator. The complaint does not refer to any specific plan term which places the responsibility of furnishing plan documents on Longaberger as opposed to Health Design Plus, the claims administrator.

Further, a plan administrator is under no obligation to disclose plan documents to third parties without written authorization from a participant or beneficiary.  See Bartling v. Fruehauf Corp., 29 F.3d 1062, 1072 (6th Cir. 1994).  Thus, it would be unfair to penalize an administrator for failing to disclose plan documents to a third party who has not informed the administrator of its status as an assignee and putative beneficiary.  The complaint does not allege that plaintiff submitted to defendants any written request or authorization from its patients for the disclosure of plan documents to plaintiff.  The complaint also fails to allege that plaintiff informed defendants that it had received assignments from plan participants or beneficiaries, or that it was requesting plan documents pursuant to its purported designation as a beneficiary by a plan participant.

10

The complaint fails to state a claim under §1132(c)(1)(B), and defendants' motion to dismiss is well taken.

Defendants have requested an award of attorney's fees pursuant to 29 U.S.C. §1132(g)(1).  The relevant factors for an award of attorney's fees include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.  <u>Gettings v. Building Laborers Local 310 Fringe Benefits Fund</u>, 349 F.3d 300, 310 (6th Cir. 2003).

In regard to the first factor, the court cannot find that plaintiff acted with culpability or in bad faith in filing the instant case.  Although the court has concluded that the complaint fails due to pleading deficiencies, plaintiff made good faith legal arguments in support of its position.  The court notes particularly in regard to the second count that there is some support for both positions in regard to the legal rights of an assignee in plaintiff's position.  The court has no evidence before it in regard to the second factor, but notes that both plaintiff and defendant Longaberger are private businesses which are likely to have the resources necessary to pay attorney's fees.  The deterrent effect of an award in this case is questionable, particularly in light of the relatively unsettled nature of the claim in the second count.  As to the fourth factor, plaintiff is seeking to recover its own financial awards, but if plaintiff ultimately prevails, a

11

successful outcome could arguably be of some benefit to plan participants and beneficiaries to the extent that it may decrease their responsibility for payment of non-reimbursed charges. In addition, plaintiff, in defending the motion to dismiss, advanced good faith arguments on unsettled questions. Finally, although defendants prevailed on their motion to dismiss, plaintiff's arguments were not frivolous. Of course, the ultimate issue of whether plaintiff is entitled to additional benefits is not presently before the court.

Balancing the above factors, the court will exercise its discretion in favor of denying defendants' motion for an award of attorney's fees.

Since the court has determined that plaintiff's federal claims must be dismissed, this court may decline to exercise jurisdiction over defendants' state law counterclaims. See 28 U.S.C. §1367(c)(3); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226 (6th Cir. 1997); Valot v. Southeast Local School Dist. Bd. of Educ., 107 F.3d 1220 (6th Cir. 1997). If federal claims are dismissed before trial, the state claims generally should be dismissed as well. Taylor v. First of America Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992).

This court is mindful of the need to weigh the interests of judicial economy and avoidance of multiplicity of litigation against the threat of needlessly deciding state law claims. See Landefeld v. Marion General Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir. 1993). However, in this case, there is good reason for not assuming jurisdiction over defendants' state law claims. Plaintiff's claims must be submitted to the plan administrator for exhaustion of administrative remedies. The plan administrator will

12

have the opportunity to review plaintiff's challenges to the denial of submitted charges.  This administrative review may include fresh consideration by the administrator of the validity or reasonableness of plaintiff's billings, issues which are at the heart of defendants' claims.  The administrative process may resolve the matter to the satisfaction of one or both parties; at the very least, it may clarify the amount in dispute.  Thus, it weighs in favor of judicial economy to obtain the final decision of the plan administrator before proceeding to litigate defendants' state law claims.  The court therefore declines to exercise supplemental jurisdiction over plaintiffs' state law claims, and they will be dismissed without prejudice.

In accordance with the foregoing, defendants' motion to dismiss is granted.  Count 1 of plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.  Count 2 is dismissed with prejudice for failure to state a claim for which relief may be granted. Defendants' motion for attorney's fees is denied.  The court declines to exercise supplemental jurisdiction over defendants' counterclaims, and they will be dismissed without prejudice.

Date: September 6, 2005          _____s\James L. Graham_____
                                 James L. Graham
                                 United States District Judge